NOT FOR PUBLICATION                          [Docket No. 19]

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| FLORENCE WEISS, TRUSTEE FOR MICHELLE ROBINSON, | |
| Plaintiff, | Civil No. 05-4893 (RMB) |
| v. | |
| BANNER LIFE INSURANCE CO., | **OPINION** |
| Defendant/Third Party Plaintiff, | |
| v. | |
| ESTATE OF DAVID L. ROBINSON and MARK J. ROBINSON, EXECUTOR OF THE ESTATE OF DAVID LAWRENCE ROBINSON, | |
| Third Party Defendants. | |

APPEARANCES:

Betsy G. Ramos, Esquire
Capehart & Scatchard
Laurel Corporate Center
8000 Midlantic Drive - C.S. 5016
SUITE 300
Mount Laurel, New Jersey 08054
(856) 234-6800
      Attorney for Plaintiff Florence Weiss

Louis P. DiGiaimo, Esquire
Steven P. Del Mauro, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075

Morristown, New Jersey 07962-2075
(973) 993-8100
        Attorneys for Defendant Banner Life Insurance Co.

Michael Dolich, Esquire
Bennett, Bricklin & Saltzberg
1601 Market Street, 16th Floor
Philadelphia, Pennsylvania 19103
(215) 665-3313
        Attorney for Estate of Third Party Defendants David L.
        Robinson and Executor Mark J. Robinson


**BUMB**, United States District Judge:

**Introduction:**

        This matter comes before the Court upon the Defendant Banner

Life Insurance Co.'s ("Banner Life" or "Banner") motion for

summary judgment.  In her Complaint, Plaintiff, Florence Weiss,

Trustee for Michelle Robinson, ("Plaintiff"), avers that Banner

failed to send her notices of late payment which allowed the life

insurance policy of her ex-husband, David Robinson, to lapse.  As

a result, Robinson had to apply for reinstatement of the policy,

triggering a two year contestability period, which led to the

eventual denial of benefits under the policy.  In answering

Plaintiff's Complaint, Banner asserted a third-party Complaint

against the Estate of David L. Robinson and the Executor of the

Estate, Mark J. Robinson, (the "Estate"), based on alleged

material misrepresentations made by David Robinson in his

application for reinstatement.  Banner has moved for summary

judgment because it believes the policy is rescinded due to

Robinson's material misrepresentations on his application for

reinstatement.  Both Weiss and Estate have opposed this motion.
For the reasons discussed below, Banner's motion for summary
judgment will be granted in part and denied in part.

**Background Facts:**

Briefly, the undisputed facts are as follows.  Pursuant to
the terms of a divorce property settlement agreement between
David Lawrence Robinson and the Plaintiff, Robinson was required
to have a life insurance policy that named their daughter,
Michelle Robinson, as beneficiary.  On December 5, 1999, Robinson
applied for a policy of renewable and convertible term-life
insurance for a face amount of $300,000 from Defendant Banner
Life. (Def.'s SOF at ¶ 2; Pl.'s Counter-SOF at ¶ 1).  In December
1999, Banner Life approved Robinson's application, and it issued
a policy of renewable and convertible term life insurance to him,
bearing Policy Number 17B169757 (the "Policy").  The Policy was
issued on a standard, non-tobacco rating basis.  In accord with
the divorce settlement agreement, the Policy designated Weiss as
trustee for the benefit of Michelle Robinson.

As further part of the divorce property settlement
agreement, Robinson was to provide proof of insurance on an
annual basis.  He was also required to direct Banner Life to
provide Weiss with all duplicate mailings regarding the Policy,
including all billing and deficiency notices.  Pl.'s Counter-SOF

3

at ¶ 2.

In May 2002, Banner Life received a letter dated May 16, 2002, purportedly signed by Robinson in which he authorized Banner Life to send duplicate premium notices to Plaintiff Weiss.[1] Pl.'s Counter-SOF at ¶ 11.  Banner Life does not deny that it received Robinson's request.

The parties dispute the following facts.  Plaintiff Weiss testified at her deposition that, based upon her telephone conversations with representatives of Banner Life, she expected that she would receive duplicates of <u>all</u> notices mailed to Robinson, including a bill, a late notice, or a lapse notice.  Pl.'s SOF at ¶ 82.  She further testified that if she had received a notice that the premium had not been paid, she would have immediately telephoned her attorney to let him know that there was a late payment, and based upon her attorney's recommendation, she would have paid the premium herself and then requested reimbursement from Robinson.  <u>Id.</u>

The yearly Policy premium was paid on an annual basis and

---

[1] Plaintiff states in her Counter-Statement of Facts that the letter also instructed Banner Life to add Weiss as a duplicate payor.  The letter does not do so.  Plaintiff, however, has introduced evidence in the form of a note by a Company representative that "verified" that Plaintiff was an additional payor. <u>See</u> Pl.'s Ex. E "verified [Weiss] is addt'l payor. . . ." There is also a screen print showing that Weiss was added as an additional payor.  <u>See</u> Affidavit of Brooke Vemuri Ex. A.  The parties dispute the date upon which Weiss was added as an additional payor on the Policy.

the Policy was renewed up until December 26, 2002.  Banner argues that its records reveal that Banner Life sent both Robinson and Weiss a billing notice dated December 3, 2002, advising that the premium was due on December 26, 2002.  Weiss, however, denies under oath ever receiving this notice.  In fact, Weiss testified that on two occasions she followed up with Banner Life to determine why she had not received any duplicate mailings from Banner Life.  A September 2003 document corroborates Weiss's testimony: the Company's files reflect a note that states: "Rec'd call from Florence Weiss - exwife; she advised she should be additional payor on policy; verified she is addt'l payor and should receive bill in early/mid December."  Pl.'s Counter-SOF at ¶ 15.

There is no dispute that Robinson failed to make the required payment by December 26, 2002.  As a result of his failure to pay, Banner Life claims it sent both Robinson and Weiss a Late Payment Offer dated January 27, 2003.  Def.'s SOF at ¶ 13.  Weiss, however, denies that she was ever sent any such notice.  Pl.'s Resp. SOF at ¶ 13.  The Late Payment Offer stated that the Policy had lapsed, but to remit a premium payment within 20 days to avoid having to comply with the reinstatement requirements.

Robinson failed to remit payment within the 20 days. Although he did forward a check in the amount of the premium that

was due, it was not within the 20 days, and was therefore not effective to reinstate the Policy. Def.'s SOF at ¶ 14-15. Accordingly, Banner Life advised Robinson that his payment was too late and forwarded a reinstatement application to him (the "Reinstatement Application").

On April 5, 2003, Robinson executed the Reinstatement Application and forwarded it to Banner Life. Def's SOF at ¶ 16. By letter dated July 9, 2003, Banner Life advised Robinson that his Reinstatement Application had been approved and the Policy would become effective, once again, upon a premium payment, which Robinson paid in December 2003. Def.'s SOF at ¶ 18.

On October 5, 2004, Robinson died as a result of complications from gastric band surgery.  Because Robinson died within two years of the effective date of the Policy, Banner Life conducted an internal investigation. Def.'s SOF at ¶ 20. Pursuant to this investigation, Banner Life avers that it determined that Robinson had made numerous misrepresentations on his Reinstatement Application.  For example, Robinson represented that he had not smoked or used any forms of tobacco in the twelve months prior to the Application, which was contradicted by the statements of numerous people and his medical records.  Robinson also allegedly misrepresented his height and weight and failed to report his high blood sugar readings.

On August 12, 2005, Banner Life advised Weiss that, based

6

upon its results of its investigation, Banner Life would have declined to reinstate the Policy because of the various misrepresentations Robinson had made on the Reinstatement Application. Def.'s SOF at ¶ 85.  Banner Life also denied the claim and returned a refund of the premiums paid since the reinstatement of the Policy.

On August 16, 2005, Weiss filed a Complaint against Banner Life in the Superior Court of New Jersey, Law Division, Burlington County, alleging claims based on estoppel, breach of contract, and bad faith.  Banner Life properly removed the Complaint to this Court on October 5, 2005.  Banner Life also brought a third-party Complaint against the Estate and its executor, Mark J. Robinson.

**Applicable Standard:**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence

---

[2] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

7

in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**Discussion:**

   *a) Rescission and Material Misrepresentations*

   It its motion for summary judgment, Banner Life argues that, as a matter of law, the Policy must be rescinded because the insured made material misrepresentations in connection with his application for reinstatement of insurance.

   Under New Jersey law an insurer "may rescind a policy for equitable fraud where the false statements materially affected

---

   [3] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

either the acceptance of the risk or the hazard assumed by the insurer." Ledley v. William Penn Life Insurance Co., 138 N.J. 627, 637-38 (1995). See also N.J.S.A. § 17B:24-3(d). "To rescind a policy, an insurer need not show the insured actually intended to deceive." Ledley, 138 N.J. at 635. Moreover, the cause of death need not be causally related to the misrepresentation in the application. See Massachusetts Mutual Life Insurance Co. v. Manzo, 122 N.J. 104, 108 (1991).

A fact that has not been truly stated or that has been withheld by an insured in an application for insurance regarding an insured's health and medical condition must be regarded as material as a matter of law "where knowledge of the truth would naturally influence the judgment of the insurer in making the contract, estimating the risk, or fixing the premium." Parker Precision Products Co. v. Metropolitan Life Insurance Co., 407 F. 2d 1070, 1073-74 (3d Cir. 1969). Further, as stated by the Supreme Court of New Jersey,

> [t]he prior medical history of an applicant is naturally and logically a most material matter to a life insurance company which has been asked to underwrite a death risk, and the working rule is that inquiries propounded in the applicant form, and the truthfulness and completeness of answers thereto touching a physical condition and pathological history of the applicant, are material to the risk as a matter of law and such materiality is not the subject of a finding of fact by a jury.

Gallagher v. New England Mutual Life Insurance Co. of Boston, 19

9

N.J. 14, 20-21 (1955).[4]

Banner Life points to several misrepresentations in the insured/decedent's application for reinstatement: his usage of tobacco; and his inaccurate height and weight; his abnormally high blood sugar levels for which he was at the time taking prescription medicine; his high blood pressure; and his sleep apnea.  Because of these material false statements, Banner Life argues that it is entitled to summary judgment regarding rescission of the Policy.

The Estate counters with the argument that Banner Life was biased against Robinson from the beginning of the review process, and that it was set on denying the claim.  Moreover, the Estate argues that no "unbiased evidence" exists to support Banner Life's position that it would not have re-insured Robinson and that the materiality of the misrepresentations presents an issue for a jury.  More specifically, the Estate objects to the use of statements by Thomas Sima, the Senior Vice-President of Underwriting at Banner Life, as the basis for the conclusion that the Policy would not have been reinstated.

The Estate's opposition, however, is more probative for what it does <u>not</u> say than for what it does say.  Although the Estate

---

[4] Cases cited by the Estate regarding materiality as a jury issue, <u>Old Republic Ins. Co. v. Alexander</u>, 245 Ark. 1029 (1969) and <u>Cutrone v. American Gen. Life Ins. Co.</u>, 199 A.D. 2d 1032 (N.Y. App. Div. 1993), are not based on New Jersey law and are, therefore, not binding on this Court.

focuses on the bias of Thomas Sima, the Estate produces no evidence to dispute the averred material misrepresentations made by Robinson.[5]  It is undisputed that the Policy was issued at standard non-tobacco rates.  Nowhere does the Estate present <u>any</u> evidence to contradict that Robinson did not smoke cigars.  The question specifically posed in the Reinstatement Application was:

> 9.(a) Does any person listed in section 1 [the insured] now smoke cigarettes?
>
> Response: No.
>
> (b) Has any person listed in section 1 [the insured] smoked any cigarettes in the past twelve months?
>
> Response: No.
>
> (c) If any person listed in section 1 [the insured] answered "No" above, have they used other forms of tobacco in the last twelve months?
>
> Response: No.

Yet, contrary to the decedent's response that he had not used any form of tobacco, Banner Life has presented the sworn statements

---

[5] This Court notes, and rejects, the Estate's argument that the Reinstatement Application cannot present a problem because it was not attached to the Policy.  <u>See</u> Estate's Br. at 12-13 (arguing that the "Incontestability" section of the Policy states that an application, including Reinstatement Application, must be attached to or made part of the Policy and that Robinson's reinstatement application was not attached to the Policy and "therefore, the statements contained in the reinstatement application cannot be used pursuant to the clear language of the policy. . . ."). However, the Reinstatement Application was made part of the Policy, as required by the "Incontestability" clause by its own terms.  <u>See</u> Robinson's Reinstatement Application, Posin Affidavit, Ex. F: "I further agree that this application shall be attached to and form a part of the policy."

11

of the decedent's brother, Mark Robinson, Ex. DD to Posin

Affidavit, and former girlfriend, Denise Bala, Id. at Ex. EE.

The brother swore under penalty of committing a crime for

providing false or misleading statements that the decedent "did

smoke cigars, usually two or three times per week, but to my

knowledge, did not inhale."  Ms. Bala swore that the decedent was

"a smoker of cigars during the entire six years that we dated

[prior to his death]. [] He would smoke off and on more or less,

but was a cigar smoker during the entire time of our

relationship."[6]

Banner Life has also introduced the sworn statement of the

decedent's mother, Gloria Robinson.  See Ex. AA to Posin

Affidavit.  Mrs. Robinson swore under penalty of penalty of

committing a crime for providing false or misleading statements

---

[6] The Estate argues that these statements are not affidavits
and are not proper to support a motion for summary judgment. The
Estate asks this Court to elevate form over substance.  While the
language in the declarations at issue does not comport verbatim
with the requirements of 28 U.S.C. § 1746, those declarations, in
essence, state that they are made under the requisite penalty of
perjury when the declarants state that they are aware that "any
person who knowingly and with intent to defraud, files a
statement or claim containing any materially false or misleading
information commits a fraudulent act which is a crime."  See
e.g., Posin Affidavit Ex. DD.  The declarants herein have used
several words for what could otherwise be simply state as "under
penalty of perjury."  Because these declarations substantially
comply with the statutory requirements, the Court will not
disregard them for purposes of this motion.  See e.g., Roe v.
Johnson, 334 F. Supp. 2d 415, 420 n.6 (S.D.N.Y. 2004) (refusing
to strike statements where 28 U.S.C. § 1746 substantially
complied with).

that she was "aware that he had been a smoker ... He generally
smoked cigars a couple of times a week, perhaps 2 or 3 times, but
never at his office as he did not wish his patients to notice
this on his breath." Id.

The Estate argues that "[c]igar smokers who do not inhale
could be rated for a standard non-tobacco rated policy. Estate's
Opp. at 18. This argument is misplaced. The question
specifically posed in the Reinstatement Application was whether
Robinson used any form of tobacco, not whether he inhaled and as
such, could possibly qualify for a non-tobacco rated policy. In
short, the evidence before this Court is undisputed that the
insured used tobacco, yet he misrepresented his usage on the
Reinstatement Application. The Estate has not presented any
evidence that the insured did not use tobacco. Furthermore, the
underwriting guidelines used by Banner Life, (attached as Ex. A
to Sima affidavit), make clear that an applicant will not qualify
for the standard non-tobacco rate if the applicant has used
tobacco within the past 12 months. The guidelines make no
distinction whatsoever for cigars or whether the smoker inhales
or not.

Moreover, the same can be said with respect to the insured's
failure to disclose his diabetes. The question specifically
posed on the Reinstatement Application was:

    5.  Has any person listed in Section 1 [the insured]
        ever received treatment, attention, or advise from any

13

physician, practitioner, or health facility for:

a. Heart trouble, high blood pressure, or diabetes.

   Response.  No.

The record is undisputed, however, that the insured/decedent was being treated for high blood sugar with insulin and glucophage, drugs used to treat diabetes.  Banner Life has introduced various medical records indicating a diagnosis of diabetes, _e.g._ Posin Aff. Exs. Q, R, S, and dispensation of drugs to treat diabetes.  _Id_

The Estate argues that persons with diabetes or high blood pressure under certain circumstances could be rated for a standard policy.  Again, this argument misses the point.  The insured falsely represented that he was never treated for diabetes.  The fact that the condition could have been under control is irrelevant.[7]

Finally, no reasonable jury could find that Robinson's misrepresentations were not material under the standard applied under New Jersey law.  As discussed briefly above, a

---

[7] The Estate also argues that the decedent _may_ not have known he had diabetes.  This is pure speculation which is insufficient to defeat summary judgment. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor. Speculation and conclusory allegations do not satisfy this duty." _Ridgewood Bd. of Educ. v. N.E. for M.E._, 172 F.3d 238, 252 (3d Cir. 1999) (internal citations omitted).

14

misrepresentation is deemed "material" where it "affected either the acceptance of risk or the hazard assumed by the insurer." Mass. Mutual Life Ins. Co., 122 N.J. at 115. Certainly, the hazard Banner Life assumed it was taking on was different from the reality - Robinson was a cigar smoker who failed to disclose his treatment with insulin and glucophage and his prior treatment of sleep apnea. Moreover, the New Jersey Supreme Court has stated that the test for materiality should be one that "encourages applicants to be honest." Id. Certainly, there is no issue of fact that Robinson was not totally forthcoming with pertinent information in his application for reinstatement of the Policy.

Because the record is undisputed that Robinson materially misrepresented his health to Banner Life,[8] Banner Life is entitled to summary judgment with regard to rescission of the insurance contract.

### b) Bad Faith

Banner Life asserts that it is entitled to summary judgment

---

[8] Banner Life also has introduced evidence that Robinson misrepresented his weight. The Estate does not refute this fact either with credible evidence. The Estate speculates that at the time of the Reinstatement Application, the insured *may* have weighed the weight he put down. Again, this is speculative. As to the issue of the decedent's height, the record is at best ambiguous, but the Court need not address this issue because it finds that the decedent made material misrepresentations in the Reinstatement Application, as discussed herein.

on Weiss's bad faith claim because Banner had a "fairly
debatable" reason for denying benefits under the Policy.  As set
forth in Pickett v. Lloyd's, 131 N.J. 457, 467 (1993), an insurer
can be liable for a breach of the covenant of good faith and fair
dealing when it denies benefits in bad faith.  However, "[i]f a
claim is 'fairly debatable' no liability will arise." Id. at 473
(quoting Bibeault, 417 A.2d 313, 319 (D.R.I. 1980)).  Thus,

> under the New Jersey Supreme Court's "fairly debatable"
> standard, the Court must first ascertain whether
> plaintiff could have established a right to summary
> judgment as to the underlying claim--plaintiff's first
> cause of action.  If factual issues exist as to the
> underlying claim (i.e., questions of fact as to whether
> plaintiff is entitled to insurance
> benefits--plaintiff's first cause of action), the Court
> must dismiss plaintiff's second cause of action--the
> "bad faith" claim.

Tarsio v. Provident Ins. Co., 108 F. Supp. 2d 397, 401 (D.N.J.
2000)(citing Pickett v. Lloyd's, 131 N.J. 457, 470, 621 A.2d 445
(1993)).[9]

Weiss contends that this standard should be applied
differently here because she has not moved for summary judgment
on this issue and, therefore, her burden is different than had
she moved for summary judgment.  This Court finds that regardless
of the applicable burden on Plaintiff, Banner Life is entitled to
summary judgment on the issue of bad faith.

As discussed above, no issue of fact remains as to whether

---

[9] The District Court in Tariso, described this standard as
"somewhat peculiar." Id. at 401.

Robinson made material misrepresentations on his application for reinstatement and, as such, the contract is rescinded. Certainly, knowledge that the contract is subject to rescission because of misrepresentations renders Banner Life's denial of benefits under the policy a "fairly debatable" decision and there is no issue remaining as to whether Weiss would be entitled to summary judgment on the underlying claim.  As such, Weiss's bad faith claim fails.[10]

### c) Promissory Estoppel

Banner Life has also moved for summary judgment with regard to Plaintiff's claim for promissory estoppel.  Banner's argument is multifold: Banner argues that it had no duty to send late payment notices to Weiss but that it did indeed send such notices and that Weiss has provided no credible evidence that Banner Life did not mail the premium notice and Late Payment Offer.  Banner Life urges this Court to find that the doctrine of estoppel does not apply and cannot prevent rescission of the Policy as Plaintiff Weiss contends.

To establish a claim of promissory estoppel, the plaintiff must show:

(1) a clear and definite promise by the promisor;
(2) the promise must be made with the expectation that the

---

[10] Without the bad faith claim, Weiss cannot recover punitive damages.

> promisee will rely thereon;
> (3) the promisee must in fact reasonably rely on the
> promise; and
> (4) detriment of a definite and substantial nature must be
> incurred in reliance on the promise.

In re Tri-State Armored Services, Inc. v. Thomas J. Subranni, Esq., 2007 U.S. Dist. LEXIS 29794 at *41 (D.N.J. April 23, 2007). Equitable estoppel is similar, but should only be applied in "very compelling circumstances" where the interests of "justice, morality and common fairness clearly dictate that course." Tri-State Armored Services, at *10.

Banner Life contends that there is no evidence of a clear and definite promise, nor evidence of intent by Banner Life to induce action or forbearance by Weiss, nor any proof that Weiss suffered any detriment based upon the alleged promise. Weiss, however, responds that had she received the notices, as Banner Life had promised her, she would have ensured that the payment on the Policy had been paid and, as a result, the Policy would not have lapsed in the first instance. In other words, no misrepresentations would have occurred within the applicable two-year contestablility period and Banner Life would have been required to pay the beneficiary, Weiss' daughter, under the terms of the Policy. Construing all reasonable inferences in favor of Weiss, the non-moving party, this Court finds that a genuine issue of material fact exists with respect to this claim.

First, Weiss has introduced sufficient evidence that creates

an issue of fact as to whether she would receive all notices -
including lapse notices and Offer of Late Payment.  Weiss has
presented evidence that prior to Robinson's death, she had
contacted Banner Life to complain that she had not been receiving
notices.  Although the non-moving party's self-serving statements
are not sufficient alone to defeat a motion for summary judgment,
see Jiminez v. All American Rathskeller, Inc., 2007 U.S. App.
LEXIS 22517 (3d Cir. Sept. 21, 2007) (discussing self-serving
affidavits), Weiss has introduced Banner Life's notes that
confirm such conversations.  For example, the Company's files
reveal that Robinson sent a letter dated May 16, 2002, requesting
that such duplicate mailings "concerning this policy" be sent to
Weiss.  That letter is in the Company's files.  See Posin
Affidavit Ex. B.  Moreover, the Company's notes reflect that
Robinson called approximately one month later to verify that
Weiss would receive such notices.  The particular note states
that the Company "rec'd correspondence from PO [Policy Owner]. .
. asking that duplicate notices go to Florence Weiss.  Updated
policy/misc file and updated billing copies."  See Pl.'s Ex. E.
A fair reading of this note demonstrates that Banner Life updated
its files to ensure that duplicate notices of all mailings would
be sent to Weiss.  In other words, there is sufficient evidence
in the record that Banner Life promised to send to Weiss
duplicate mailings "concerning [the] policy", which reasonably

includes lapse notices and offer of late payment - not just
billing statements as argued by Banner.

Next, Banner Life argues that, even assuming it had a duty
to mail such notices to Weiss, that it has produced legally
sufficient proof that it mailed the notices of non-payment and
Late Payment Offer to Weiss. As an initial matter, this Court
agrees with Banner Life that proof of mailing, not of actual
receipt is what is required. See Bruce v. James P. McLean Firm,
238 N.J. Super. 501, 504 (Law Div. 1989). Plaintiff, however,
takes issue with Banner Life's proofs. In SSI Medical Servs.
Inc., v. State of New Jersey, 146 N.J. 614, 621 (1996), the New
Jersey Supreme Court stated that in order to invoke the
presumption that mail was received the following conditions must
be satisfied: 1) the mailing was correctly addressed; 2) the
proper postage was affixed; 3) the return address was correct;
and 4) the mailing was deposited in a proper mail receptacle or
at the post office.

First, the Company has not produced any documentation in
hard copy form showing that Weiss was "cc'd" on the notices sent
to Robinson. During 2002 and 2003, Banner did not keep any hard
copies of its bills, lapse notices or termination notices, nor
did it image any copies of these documents to its files.
Moreover, the current software that generated the test run
produced by Banner Life to support its motion for summary

20

judgment is not the same software that existed in 2002 and 2003.
In fact, Weiss has highlighted evidence that Banner Life
experienced a computer processing error with its prior software.
The error, as described by Jana Knowles, a Banner Life
representative, was that if an individual was entered onto a
policy with the address left blank, a subsequent change to any
policy containing a blank address inserted the same address into
all blank addresses in policies of all customers.  To show that
the computer error affected the Policy here, Weiss has introduced
evidence that the Policy at one time contained an address that
was never associated with either the insured/decedent Robinson,
or more importantly, Weiss.  See Pl.'s Ex. B, Knowles Dep. at
281-282.  This happened after 1999, but sometime before 2004 -
within the time period in which Weiss contends she did not
receive the notices.  Id. at 287:11-20.  This creates an issue of
fact regarding application of the proper address.

      This Court also notes an item that demonstrates an issue of
fact as to proper mailing: In June 2005, when Banner Life
regenerated replica bills, it had to restore Robinson to
"undeceased" in its system.  In doing so, the computer
automatically generated a lapse notice to Robinson and,
importantly, a notice with Weiss' name on it was mailed to
Robinson's address.  Banner Life does not deny this but merely
argues that the Estate "had no knowledge of how he came into

possession of the document."  Def.'s Reply Br. at 10.

In sum, weighing the evidence in the light most favorable to Plaintiff, this Court finds that she has presented a genuine issue of material fact as to whether or not Banner properly mailed the notices as allegedly promised by Banner Life.

Finally, Plaintiff has presented sufficient evidence that she reasonably relied on Banner's Life's promises, to her detriment.  According to the Plaintiff, had she received notices that her ex-husband had failed to make the premium payments she would have consulted with her lawyer and likely made the payment to prevent rescission.  This, of course, is corroborated by the Plaintiff's course of conduct in this matter as well as plain common sense: had Weiss done nothing, the Policy could have possibly lapsed, to the financial detriment of Plaintiff's daughter.  Certainly, the steps that Weiss would have taken in the future is largely based on her testimony and an issue of credibility - one that is properly decided by a jury. Accordingly, for the above reasons, this Court finds that genuine issues of material fact exist as to all claims asserted by Weiss and against Banner Life.  Accordingly, summary judgment as to Weiss's estoppel claim will be denied.

 This Court will deny Banner Life's motion with regard to Plaintiff's breach of contract claim for very similar reasons. In its moving papers, Banner Life argues that as trustee for a

22

third party beneficiary, she has no standing to assert the rights of the policy owner or assignee.  Weiss, however, has asserted that pursuant to Robinson's instruction, Banner had a contractual duty to send all mailings to her because she was added as an additional payor (see discussion above) and, by failing to do so, (which remains an issue of fact, as discussed above), breached the contract.  This Court agrees with Weiss that summary judgment on breach of contract is precluded at this time as issues remain whether Banner sent Weiss the requisite notices.  In fact, Banner admits in its brief that "[a]n obligation to send a premium notice or other notices under a life insurance policy can be imposed. . . by agreement of the parties."  It appears from Robinson's May 16, 2002, fax that he wanted Weiss added as an additional payor (see Posin Affidavit Ex. B) and that Weiss was confirmed as an additional payor by a Banner Life representative (see Pl.'s Ex. E).   Thus, an issue of fact remains as to whether Banner Life failed to fulfill its obligation to send Weiss the requisite notices under the terms of the Policy.

**Conclusion:**

Therefore, Banner's motion will be granted with regard to rescission and bad faith.  It will be denied regarding estoppel and breach.  What this leaves the Court with is a divided picture - a policy that has been effectively rescinded but potentially

viable promissory estoppel and breach claims.  From the parties'
submissions, it is unclear to this Court what, if anything, Weiss
can recover pursuant to her estoppel and breach claims where the
underlying policy has been rendered void.  The viability of
Weiss' estoppel and breach of contract claims in light of the
rescission was an issue not adequately briefed by the parties and
this Court will not consider this issue at this time.  Should the
viability of Weiss' claims in light of rescission be disputed by
the parties, the Court will give the parties leave to file
supplemental motions for summary judgment on these issues
pursuant to a schedule to be determined by the Court in
cooperation with the parties.  An accompanying Order will issue
this date.


Dated: October 16, 2007          **s/Renée Marie Bumb**
                                 RENÉE MARIE BUMB
                                 UNITED STATES DISTRICT JUDGE

24