NOT FOR PUBLICATION                                            [Docket No. 30]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

FLORENCE WEISS,
TRUSTEE FOR MICHELLE ROBINSON,

    Plaintiff,                          Civil No. 05-4893 (RMB)

    v.
                                      **OPINION**

BANNER LIFE INSURANCE CO.,

    Defendant/Third Party
    Plaintiff,

    v.

ESTATE OF DAVID L. ROBINSON and
MARK J. ROBINSON, EXECUTOR OF
THE ESTATE OF DAVID LAWRENCE
ROBINSON,

    Third Party Defendants.

APPEARANCES:

Betsy G. Ramos, Esq.
Capehart & Scatchard
Laurel Corporate Center
8000 Midlantic Drive - C.S. 5016
SUITE 300
Mount Laurel, New Jersey 08054
    Attorney for Plaintiff, Florence Weiss

Louis P. DiGiaimo, Esq.
Steven P. Del Mauro, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

1

    Attorneys for Defendant, Banner Life Insurance Co.

Michael Dolich, Esquire
Bennett, Bricklin & Saltzberg
1601 Market Street, 16th Floor
Philadelphia, Pennsylvania 19103
    Attorney for Estate of Third Party Defendants, David L.
    Robinson and Executor Mark J. Robinson

**BUMB**, United States District Judge:

**Background:**

This matter comes before the Court upon a motion for summary judgment by Defendant Banner Life Insurance Company ("Banner Life" or "Banner"). Because this Court writes only for the parties, and the facts underlying this dispute were set forth in this Court's prior opinion [Docket No. 27], the facts will only be reiterated briefly here.

Under the terms of a divorce property settlement agreement between David Lawrence Robinson and the Plaintiff, Florence Weiss, Robinson was required to have a life insurance policy that named their daughter, Michelle Robinson, as beneficiary. Banner Life issued a Policy and, in accord with the divorce settlement agreement, the Policy designated Weiss as trustee for the benefit of Michelle Robinson.

As further part of the divorce property settlement agreement, Robinson was required to direct Banner Life to provide Weiss with all duplicate mailings regarding the Policy, including all billing and deficiency notices. In May 2002, Banner Life

received a letter dated May 16, 2002, purportedly signed by Robinson, in which he authorized Banner Life to send duplicate premium notices to Plaintiff Weiss.  Weiss testified that, based on her conversations with representatives of Banner Life, she was promised and expected to receive duplicates of all notices sent to Robinson regarding the Policy.

The yearly Policy premium was paid on an annual basis and the Policy was renewed up until December 26, 2002.  Banner Life sent both Robinson and Weiss a billing notice dated December 3, 2002, advising that the premium was due on December 26, 2002.  Weiss denies ever receiving this notice.  Robinson failed to remit payment in a timely fashion, however, and the Policy was terminated.  On April 5, 2003, Robinson executed a Reinstatement Application and forwarded it to Banner Life.  The application was approved and the Policy was reinstated.

On October 5, 2004, Robinson died as a result of complications from gastric band surgery.  Because Robinson died within two years of the effective date of the Policy, Banner Life conducted an internal investigation and determined that Robinson had made numerous misrepresentations on his Reinstatement Application regarding his tobacco use, weight and blood sugar.  On August 12, 2005, Banner Life advised Weiss that, based upon the results of its investigation, Banner Life would have declined to reinstate the Policy because of the misrepresentations.

Banner denied the claim submitted on behalf of Michelle Robinson and refunded the premiums paid since the reinstatement of the Policy.

In the prior Opinion, this Court found that, because decedent David Robinson had made material misrepresentations on his application for reinstatement, Banner was entitled to rescind the insurance contract. This Court also found that Weiss presented sufficient evidence that she reasonably relied on Banner's promises to her detriment and that an issue of fact remained as to whether or not Banner sent or should have sent to Weiss the requisite notices. Weiss presents evidence that had Banner Life followed through with its promises to her, she would have made the payments that Robinson did not, the policy would not have lapsed, and Banner Life would have had to pay on the insurance policy because it would not have had the two-year grace period to conduct an investigation.

The issue that remains to be resolved, and the question this Court specifically posed to the parties, is the impact of the rescission of the Policy as to Robinson on Plaintiff's estoppel and breach of contract claims. In light of the above findings, this Court stated:

> it is unclear to this Court what, if anything, Weiss can recover pursuant to her estoppel and breach claims where the underlying policy has been rendered void. The viability of Weiss' estoppel and breach of contract claims in light of the rescission was an issue not adequately briefed by the parties and this Court will not

4

consider this issue at this time.
Id. at 28.

On October 25, 2007, the parties engaged in a conference call with the Court to clarify the issues to be discussed in supplemental summary judgment motions - specifically, whether the Policy is rescinded as to Weiss and whether Weiss' claims for promissory estoppel or breach of contract can survive the rescission of the Policy.

**Applicable Standard:**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

5

Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**Discussion:**

Banner Life argues in its supplemental submission that there is no affirmative claim of either equitable or promissory estoppel under New Jersey law. Instead, "[p]romissory estoppel, if it were applicable, would be the equitable device by which the breach of contract claim would survive Banner Life's rescission claim. Thus, the only true affirmative claim Weiss may have is a claim for breach of contract." [Docket No. 30 at 1].

This Court disagrees. Courts in this jurisdiction have dealt with cases involving separate breach of contract and promissory estoppel claims. See, e.g., Madison Fin., LLC v. Hunts Point Coop. Mkt., Inc., No. 01-3830, 2008 U.S. Dist. LEXIS 20531 (D.N.J. Mar. 17, 2008)(discussing plaintiff's two theories

---

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

6

of recovery: breach of contract or, in the alternative, promissory estoppel); <u>Ackerman v. The Money Store</u>, 321 N.J. Super. 308, 312 (N.J. Sup. Ct. Law Div. 1998) (referring to plaintiff' promissory estoppel "cause of action"). Whereas consideration is required for a breach of contract, a promise is still enforceable pursuant to a claim of promissory estoppel even where consideration is lacking.[3] <u>Id.</u> at *39; <u>see also</u> <u>Pop's Cones, Inc. v. Resorts Intern. Hotel, Inc.</u>, 307 N.J. Super. 461, 468 (App. Div. 1998)(distinguishing promissory estoppel cause of action from breach of contract). Thus, this Court rejects the notion that Weiss cannot pursue a promissory estoppel cause of action independent of a breach of contract claim.

Banner continues to aver that Weiss cannot meet the requirements to state a promissory estoppel defense to the rescission. This Court has already rejected this argument. The Opinion specifically stated:

> weighing the evidence in the light most favorable to Plaintiff, this Court finds that she has presented a genuine issue of material fact as to whether or not Banner properly mailed the notices as allegedly promised by Banner Life. Finally, Plaintiff has presented sufficient evidence that she reasonably relied on Banner's Life's promises to her detriment.

Docket No. 27 at 22. Because this Court has already found that an issue of fact remains as to these elements, it will not

---

[3] Consideration is an element not adequately briefed by the parties, and this Court leaves this issue for a later day.

revisit these issues here.

The question now: what impact the rescission has on Plaintiff's estoppel claim. Weiss argues that "[a]ny rescission as to Robinson cannot extinguish Banner's prior obligation to provide notice to Weiss of the pending cancellation. . . ." [Docket No. 31 at 13]. This Court agrees. Banner argues that any remedy Weiss might have lies with the estate because the injustice at issue was caused by Robinson. However, as stated in this Court's prior opinion, and reiterated briefly above, an issue of fact remains as to whether Banner made a promise to Weiss to send her the requisite notices that she relied on to her detriment. Thus, the dispute exists between Weiss and Banner. If Banner had failed to fulfill its promise to her, assuming one existed, any remedy would flow directly from Banner who was a party to that promise, not Robinson's Estate.

Moreover, while Banner argues that Weiss' rights are limited to that of the insured, i.e., Robinson, its argument is based on its stance that "the facts as concluded by the Court do not support the existence of an independent promise to Weiss." However, as restated above, this Court did indeed find that an issue of fact remains as to the existence of an independent promise to Weiss. If a separate promise was made to Weiss that she relied upon to her detriment, then she has a separate cause of action. See Pitak v. Bell Atl. Network Servs., 928 F. Supp.

1354, 1367 (D.N.J. 1996)("[t]he purpose of [a promissory estoppel] claim is to compensate a party who has reasonably relied on the promise of another, although all the elements of a breach-of-contract claim, such as mutual consideration, cannot be established").

Finally, with regard to breach of contract, Banner argues that "there is no breach of contract issue unless the doctrine of estoppel precludes Banner life from rescinding the policy . . . [and] [t]here cannot be a claim for breach of a contract that has been rescinded." Indeed, the issue that remains is not whether the contract with Robinson has been rescinded - this Court has already ruled that it has - instead, the issue is whether a "contract" existed between Banner and Weiss and if so, whether that contract was breached. For the reasons already discussed, there are issues of fact that preclude this Court from granting summary judgment to Banner on this issue and, in light of this Court's finding that factual disputes exist as to what promises, if any, were made to Weiss, a breach of contract action may proceed at this time.[4]

Thus, for the reasons stated above, this Court finds that the rescission of Banner's contract with Robinson does not impact the promises made to Weiss (if a jury finds such promises did

---

[4] As noted above, neither party has explicitly addressed the issue of consideration, if any, and the Court will not do so sua sponte here.

exist) and, therefore, Weiss' claims for promissory estoppel and breach of contract may proceed.  Banner's motion for summary judgment will be denied.  An appropriate Order will issue this date.


Dated: April 16, 2008                s/Renée Marie Bumb
                                     RENÉE MARIE BUMB
                                     UNITED STATES DISTRICT JUDGE